Walter R. Hart, J.
The fourth-party defendants move to dismiss that complaint against them for insufficiency. The third-party defendant in turn makes a cross motion to dismiss the third-party complaint on the same ground. It is apparent that if the third-party complaint is insufficient the defendants therein will require no indemnification and accordingly the fourth-party complaint automatically fails. Therefore the cross motion to dismiss the third-party complaint for insufficiency will first be considered.
The complaint in the main action alleges a cause of action for personal injuries suffered by plaintiff through the negligence of defendant Colonial Sand & Stone Co., Inc., by its driver, defendant Juliano in causing its motor vehicle to strike a kerosene flare on a public highway, causing it-to break open, scattering burning kerosene onto plaintiff. The negligence of defendant Mackay is alleged to be in “ the management, operation and control of ” the kerosene flares owned by it.
Defendants Juliano and Colonial Sand & Stone Co., Inc. have served a third-party complaint wherein they allege that Horn Construction Co., not a party to the original action, was a general contractor on a construction job on the public highway, that Mackay was its subcontractor and that the flares were set around the site of the work ‘ ‘ pursuant to the instructions, orders and requirements of ” Horn. The latter, it is alleged, ordered concrete from Colonial and when it was about to be delivered on the site, one Vito Caleca, an employee of Horn, directed and guided the truck ‘ ‘ through a narrow opening or passageway into the location ’ ’ where Horn desired to have the concrete mix dropped, and that he guided the truck ‘ ‘ because of the nature of the construction work, the location of the flares * # * and the size of the * * * truck.” It is then alleged that by so guiding the truck Horn (by its employee) exercised control and direction of same. It is then further alleged that if plaintiff sustained his injuries as set forth in the complaint it was due to the “ primary, affirmative and original ” negligence of Horn in that it assumed direction and control over the truck with an assurance that it was being guided and directed into the construction site in a safe and careful manner, and was further negligent ‘ ‘ in failing to sustain its representation to the third party plaintiffs that they were being guided and directed *335 into said job and construction site without danger to said kerosene flares * * * or to pedestrians * * * all without any affirmative act of negligence on the part of the third party plaintiff.”
The solution to the issue raised by the motion addressed to the third-party complaint lies in a determination as to the validity of the legal conclusion contained in the last-quoted phrase of the third-party complaint. To do so it is necessary to examine the main complaint to ascertain whether there are any charges therein of passive negligence so that with respect thereto the third-party plaintiffs Juliano and Colonial Sand & Stone Co., Inc. may be entitled to indemnification from Horn. By section 193-a of the Civil Practice Act a third party may be brought in and served with a complaint only against a person “ who is or may be liable to him for all or part of the plaintiff’s claim against him.” A scanning of the complaint fails to disclose any allegations of breach of duty against these defendants other than the charge of negligence in the operation of the vehicle in question. If they were negligent in the manner in which the vehicle was operated as charged in the complaint they are not entitled to indemnification. (Putvin v. Buffalo Elec. Co., 5 N Y 2d 447.) On the other hand, if they were not negligent in the operation of the truck they will be exonerated by the trier of the facts and will not require indemnification. In any event, they are not entitled to bring in the third-party defendant on the theory that it too was actively negligent and in pari delicto. The allegations that Horn undertook to guide the truck is not the equivalent of an allegation that Horn agreed to indemnify them for damages for their own negligence. Accordingly the motion to dismiss the third-party complaint is granted. This determination eliminates the third-party defendant from the action. Since it will require no indemnification there is no necessity to consider the sufficiency of the fourth cause of action which is hereby dismissed.
Settle orders on notice.